IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
JAMES W. CASSIDY, Attorney at Law.

Supreme Court

*No. 92–2228–D. Filed May 20, 1993.*

(Also reported in 499 N.W.2d 680.)

PER CURIAM. *Attorney disciplinary proceeding;
license revocation, restitution imposed.*

This is the second of two attorney disciplinary proceedings against James W. Cassidy. On November 12, 1992 the court revoked Mr. Cassidy's license to practice law as discipline for converting client funds held in trust, failing to maintain adequate trust account records and borrowing money from clients without giving them an opportunity to obtain the advice of independent counsel, *Disciplinary Proceedings Against Cassidy,* 172 Wis. 2d 600, 493 N.W.2d 362. In the instant proceeding, which was pending at the time the court revoked Mr. Cassidy's license, we review the referee's recommendation that Mr. Cassidy's misconduct determined in this proceeding would warrant license revocation if his license were not already revoked. In addition, the referee made specific recommendations regarding restitution the court should require Mr. Cassidy to make to the persons harmed by his misconduct as a condition of reinstatement of his license.

We agree that the misconduct considered in this proceeding warrants the revocation of Mr. Cassidy's license to practice law independent of the misconduct that led to the revocation of his license in the prior proceeding. As his license has been revoked since November 12, 1992, an additional revocation imposed in this proceeding can do nothing more than extend the time during which Mr. Cassidy is barred from seeking reinstatement of his license. That, however, is sufficient to again revoke his license in this proceeding. In addition, we accept and endorse the referee's recommendation that Mr. Cassidy be required to make specific restitution if ever he should seek reinstatement of his license.

The professional misconduct considered in this proceeding consisted of Mr. Cassidy's having failed to deposit client funds in his trust account, misrepresent-

116

ing to a client and an opposing party that he had filed a judgment, converting to his own use client funds held in trust, misappropriating assets of an estate in which he served as personal representative, failing to return settlement funds and an unearned retainer to a client and to cooperate with successor counsel in transferring the client's file, obtaining a loan from a client without providing her sufficient information or opportunity to obtain independent advice and failing to return the unearned portion of her retainer when she terminated his representation, failing to return an unearned portion of a retainer to another client and failing to respond to that client's numerous communications concerning the refund, failing to promptly close an estate in which he served as personal representative and refusing to respond to the Board of Attorneys Professional Responsibility (Board) during its investigation of his conduct in these matters and to produce his trust account and other bank records the Board requested.

Mr. Cassidy was admitted to practice law in Wisconsin in 1954 and practiced in Madison. He did not file an answer or otherwise appear in this proceeding; accordingly, the referee, Attorney Charles H. Herro, considered this proceeding on the basis of his default and made findings of fact pursuant to the Board's complaint.

In the fall of 1991, a client who had retained Mr. Cassidy to represent him in a divorce gave him a $15,000 check payable to his trust account for the purpose of making two payments representing property division of the parties. Mr. Cassidy made the first $7,500 payment on his client's behalf but did not make the second. During the relevant time, Mr. Cassidy's trust account did not contain the remaining $7,500. In addition, Mr. Cassidy misrepresented to his client and

117

the opposing party that he had filed the divorce judgment. Further, he did not respond to the Board's request for a reply to the grievance filed in this matter and did not produce his trust account and other bank records the Board requested.

The referee concluded that Mr. Cassidy violated the trust account rules, SCR 20:1.15(a) and (b),[1] engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and converted trust account funds to his own use, in violation of SCR 20:8.4(c),[2] and failed to cooperate in the Board's investigation, in violation of SCR 21.03(4)[3] and 22.07(2).[4]

---

[1] SCR 20:1.15 provides:

**Safekeeping property**
(a) ... All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts ...
(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[2] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[3] SCR 21.03 provides:

**General principles.**
. . .
(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

In September, 1991 a client gave Mr. Cassidy a $6,200 check payable to his trust account to be held to pay an anticipated capital gains tax. Mr. Cassidy wrote checks on those trust funds for his own business and personal purposes but ultimately made the $6,200 payment out of his own funds. The referee concluded that Mr. Cassidy's failure to hold the client's funds in trust violated SCR 20:1.15(a) and 20:8.4(c) and that his conversion of those trust account funds to his own use violated SCR 20:8.4(c).

In 1991 Mr. Cassidy was appointed personal representative in the informal administration of the estate of a friend and client under whose will he was a residuary beneficiary. In response to the filing of the referee's report in the 1991 disciplinary proceeding against Mr. Cassidy, two of the heirs sought Mr. Cassidy's removal as personal representative. When the probate court removed him, Mr. Cassidy agreed to provide an accounting of all of the decedent's and the estate's assets that had come into his possession and to transfer all of those assets to the estate's new personal representative. When Mr. Cassidy did not do so, the court found him in contempt. It was discovered that Mr. Cassidy had misappropriated approximately $129,000,

---

[4] SCR 22.07 provides:

**Investigation.**

. . .

(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

including bank accounts and the decedent's pension and social security checks. When the Board sought his response to a grievance filed in connection with this matter, Mr. Cassidy did not respond.

The referee concluded that Mr. Cassidy's misappropriation of the decedent's and the estate's assets while he served as the decedent's attorney-in-fact prior to his death and as attorney for the estate subsequent to it constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c). Further, his commingling of client funds with his own and his use of client funds to pay his personal obligations violated SCR 20:1.15(a) and his failure to record deposits of the client's funds into his trust account and maintain complete records of those funds violated SCR 20:1.15(c).[5] Finally, Mr. Cassidy's failure to respond to the Board's requests for information concerning a grievance in this matter constituted failure to cooperate in a Board investigation, in violation of SCR 21.03(4) and 22.07(2).

A woman retained Mr. Cassidy in August, 1990 to initiate a bankruptcy proceeding on her behalf, for which she paid him $900. Thereafter, the client gave Mr. Cassidy a $1,500 check representing funds she received in a divorce settlement, asking him to hold those funds in his trust account pending clarification of her financial situation. Mr. Cassidy never commenced the bankruptcy proceeding nor returned the client's

---

[5] SCR 20:1.15 provides:

**Safekeeping property**

. . .

(c)   Each trust account under this rule shall be an account in any bank, trust company, credit union or savings and loan association, selected in the exercise of ordinary prudence, authorized by federal or state law to do business in Wisconsin and insured by the Federal Deposit Insurance Corporation . . .

money, despite a demand for the return of the $2,400 by the client's successor counsel. When the Board sought his reply to the client's grievance concerning his conduct in this matter, Mr. Cassidy did not respond.

The referee concluded that Mr. Cassidy's failure to return the client's settlement funds held in trust violated SCR 20:1.15(b), that his failure to return the $900 retainer and cooperate with successor counsel in transferring the client's matter violated SCR 20:1.16(d)[6] and that his failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

In July, 1991 Mr. Cassidy told a divorce client he was in financial difficulty and asked her for a loan. After he pressured her, the client gave him a check for $350. Mr. Cassidy told her that if she needed the loan repaid the following week, she only had to telephone him and he would repay her. The client twice telephoned Mr. Cassidy the following week but he was unable to repay the loan.

Soon thereafter, the client terminated Mr. Cassidy's representation in the divorce and asked him for a final statement of his services and a refund of the balance of the $1,400 retainer she had given him. After some dispute about the itemization of his services and the client's initiation of a small claims action, Mr. Cassidy agreed to pay the client $500 plus $27 in costs for

---

[6] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

bringing the small claims action. After the client's unsuccessful attempts to obtain payment from him, to which Mr. Cassidy responded with threats of harassment charges, the client filed a grievance with the Board. Mr. Cassidy did not respond to the Board's request for his reply to that grievance.

The referee concluded that Mr. Cassidy's conduct in obtaining a loan from his client without setting forth the terms of that loan, giving her a reasonable opportunity to seek independent advice and obtaining her written consent to the transaction violated SCR 20:1.8(a)(1), (2) and (3).[7] His failure to return the unearned portion of the retainer in the divorce matter constituted a failure to protect the client's interest after termination of representation, in violation of SCR 20:1.16(d). His failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

In 1992 a divorce client sought return of the unearned portion of his retainer from Mr. Cassidy following reconciliation of the parties. After extended discussion about his charges for services rendered, it was agreed that Mr. Cassidy would refund $249 to the client. When that payment was not forthcoming, the Board wrote to Mr. Cassidy, who responded that he

---

[7] SCR 20:1.8 provides:

**Conflict of interest: prohibited transactions**

(a)   A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1)   the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably under 'ood by the client;

(2)   the client is given a re sonable opportunity to seek the advice of independent counsel in the transaction; and

(3)   the client consents in writing thereto.

would send the client a certified check within 10 days. When the Board asked him to provide a copy of that check, Mr. Cassidy did not respond. The client did not receive any refund from Mr. Cassidy.

The referee concluded that Mr. Cassidy's failure to refund the unearned portion of the retainer constituted a violation of SCR 20:1.16(d), that his failure to respond to the client's numerous communications concerning the refund violated SCR 20:1.4(a)[8] and that his failure to respond to the Board violated SCR 21.03(4) and 22.07(2).

In March, 1986 Mr. Cassidy was appointed personal representative in the informal administration of his father's estate. After numerous extensions of time to file the necessary documents in that administration, the probate court reported the matter to the Board. Mr. Cassidy told the Board he had the documents needed to close the estate and would close it within 60 days. He did not and the Board then sought a reply from him concerning what needed to be done in order to close the estate. Mr. Cassidy did not respond. As of September 17, 1992, the estate remained open. The referee concluded that Mr. Cassidy failed to act with reasonable diligence and promptness in this matter, in violation of SCR 20:1.3, and failed to cooperate in the Board's investigation, contrary to SCR 21.03(4) and 22.07(3).[9]

---

[8] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[9] SCR 22.07 provides:

**Investigation.**

. . .

In regard to discipline for his misconduct in these matters, the referee stated that the revocation of Mr. Cassidy's license to practice law is warranted and that he would have so recommended had Mr. Cassidy's license not already been revoked. The referee did recommend that the court require Mr. Cassidy to make restitution to those harmed by his misconduct in these matters. The referee set forth the amount of restitution to be made in respect to each of these matters, some of it to the Clients' Security Fund to the extent of payments it has made to those harmed by Mr. Cassidy's misconduct. Finally, the referee recommended that Mr. Cassidy be required to pay the costs of this proceeding.

We accept the referee's determination that the professional misconduct established in this proceeding warrants the revocation of Mr. Cassidy's license to practice law. Because his license is revoked for other professional misconduct, we again order the revocation of his license, effective the date of this order. We also impose the condition of restitution recommended by the referee.

IT IS ORDERED that the license of James W. Cassidy to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law, James W. Cassidy shall make restitution to those persons and entities harmed by his misconduct and in the amounts

---

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

as set forth in the referee's report on file in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order James W. Cassidy pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

ABRAHAMSON, J., took no part.